# EXHIBIT
# "A"

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois courts.

Case: 1:22-cv-01332 Document #: 1-1 Filed: 03/14/22 Page 2 of 45 PageID #:7

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | * 5 0 1 4 2 2 5 2 * |
|---|---|---|
| <u>Cook</u> ◆ COUNTY | | FILED<br>2/7/2022 1:21 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2022CH00908<br>Calendar, 16<br>16601438 |

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | Tori Vela<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>H & R Accounts<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**Case Number:** 2022-CH-00908

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 16

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | 1. | **Defendant/Respondent's address and service information:** |
|---|---|---|
| | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: H & R Accounts, Inc.<br>Registered Agent's name, if any: CT Corporation Systems<br>Street Address, Unit #: 208 S. LaSalle St. #814<br>City, State, ZIP: Chicago, IL 60604<br>Telephone: _____ Email: _____ |
| In 1b, enter a second address for Defendant/ Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In 1c, check how you are sending your documents to Defendant/ Respondent. | c. | Method of service on Defendant/Respondent:<br>☐ Sheriff        ☐ Sheriff outside Illinois: _____<br>                                                                        *County & State*<br>☐ Special process server        ☐ Licensed private detective |

Enter the Case Number given by the Circuit Clerk: 2022

\* 5 0 1 4 2 2 5 2 \*

| In 2, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
|---|---|---|

Amount claimed: $ _____

| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:** |
|---|---|---|

Name *(First, Middle, Last):*   Michael Drew, Neighborhood Legal, LLC

Street Address, Unit #:   20 N. Clark St. #3300

City, State, ZIP:   Chicago, IL 60602

Telephone:   773-505-2410          Email:   mwd@neighborhood-legal.com

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box **4b.** | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |
|---|---|---|

☐ a.   To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address:   50 W. Washington St. Rm., 802

City, State, ZIP:   Chicago, IL 60602

| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* |
|---|

☐ b.   Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
       *Date*                              *Time*                                              *Courtroom*

**In-person at:**

_____
*Courthouse Address*      *City*                          *State*         *ZIP*

OR

| In 4b, fill out:
• The court date and time the clerk gave you.
• The courtroom and address of the court building.
• The call-in or video information for remote appearances (if applicable).
• The clerk's phone number and website. All of this information is available from the Circuit Clerk. |
|---|

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _____
                        *Call-in number for telephone remote appearance*

By video conference: _____
                              *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                                    *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
      *Website*

---

| **STOP!** The Circuit Clerk will fill in this section. |
|---|

Witness this Date: _____

Clerk of the Court:   2/7/2022 1:21 PM IRIS Y. MARTINEZ

| **STOP!** The officer or process server will fill in the Date of Service. |
|---|

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
                          *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*



**STATE OF ILLINOIS,**
**CIRCUIT COURT**

_____ **COUNTY**

**PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION**

For Court Use Only
* 5 0 1 4 2 2 5 2 *

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | Tori Vela _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>H & R Accounts, Inc. _____<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2022-CH-00908 _____

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
         *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

  ☐ Personally on the Defendant/Respondent:
     Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address, Unit#: _____
     City, State, ZIP: _____

  ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
     member or lives there:
     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address, Unit#: _____
     City, State, ZIP: _____
     And left it with: _____
               *First, Middle, Last*
     Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
     and by sending a copy to this defendant in a postage-paid, sealed envelope to the
     above address on _____ , 20 _____ .

  ☐ On the Corporation's agent, _____
                        *First, Middle, Last*
     Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:*
☐ Sheriff
☐ Sheriff outside Illinois

_____
*County and State*
☐ Special process server
☐ Licensed private detective

**FEES**
Service and Return: $ _____
Miles _____ $ _____
Total $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

earing Date: 6/2/2022 10:30 AM
ocation: Court Room 2862
udge: Atkins, David B.

12-Person Jury

Case: 1:22-cv-01332 Document #: 1-1 Filed: 03/14/22 Page 6 of 45 PageID #:9

2/2/2022 1:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, I
2022CH00908
Calendar, 16
16547509

Firm No. 64324

## IN THE
## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| TORI VELA, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2022CH00908 |
| v. | ) ) | |
| H & R ACCOUNTS, Inc. | ) ) | |
| Defendant. | ) ) ) | Jury Demanded |

### CLASS ACTION COMPLAINT

Plaintiff, Tori Vela, on behalf of herself and all putative class members, brings this action

under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

### NATURE OF THE CASE

1.      The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable

collection methods, conduct which harasses or abuses any debtor, and the use of any false or

deceptive statements in connection with debt collection attempts.

2.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive

practices" in debt collection.  15 U.S.C. §§ 1692(a) – 1692(e).  Any person who receives a debt

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15

U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State

action to protect consumers against debt collection abuses").

      4.      To this end, the FDCPA encourages consumers to act as "private attorneys

general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v.*

*Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

      5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt

collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v.*

*Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

      6.      Plaintiff seeks to enforce those policies and civil rights which are expressed

through the FDCPA, 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

      7.      "An action to enforce any liability created by [the FDCPA] may be brought in any

appropriate United States district court without regard to the amount in controversy, **or in any**

**other court of competent jurisdiction**, within one year from the date on which the violation

occurs." 15 U.S.C. § 1692k(d). (emphasis added).

      8.      Personal jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l)

(transaction of any business within this State), section 2-209(b)(4) (corporation doing business

within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois

Constitution and the Constitution of the United States).

9. Defendant collects debts from consumers in Illinois and has a registered agent in Illinois.

10. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

11. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

12. Plaintiff, Tori Vela ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a consumer debt allegedly owed for a defaulted medical account with Carle Foundation Hospital. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

13. Defendant, H & R Accounts, Inc. (H& R), is an Illinois corporation. It's registered agent is CT Corporation System located at 208 So LaSalle Street, Suite 814, Chicago, IL 60604.

14. H & R holds a collection agency license from the State of Illinois.

15. H & R regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

16. Plaintiff incurred a medical debt originally owed to Carle Foundation Hospital ("Account"). The Account is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

3

17.     The Account went into default.

18.     H & R subsequently began collecting the debt.

19.     On or about June 18, 2021, H & R sent a collection letter ("Letter") directly to Plaintiff regarding the Account. (Exhibit A, Letter).

20.     The Letter conveyed information regarding the account, including an account number, client number, and an amount due.

21.     The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

22.     The Letter states in relevant part that:

**You are hereby notified that, after the 30 day period discussed above has passed, a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations or fail to qualify for financial assistance.**
(Exhibit A, Letter)

23.     In fact, the account could not have been reported or displayed on Plaintiff's credit report.

24.     A medical debt may not be reported or displayed on a credit report until the bill is 180 days beyond the date of the first delinquency.

25.     Plaintiff's insurance was still making payments on the account in May of 2021, meaning 6 months had not yet passed from the date of first delinquency on the bill arising from those services.

26.     The Consumer Reporting Agencies ("CRAs") -- i.e., TransUnion, Equifax, and Experian – have signed an agreement with the Attorney General of the State of Illinois prohibiting this exact type of reporting since 2015.

27.     The agreement states in relevant part:

4

To allow appropriate time for insurance remediation and clarity on what a consumer's individual payment obligation is for a medical account, the CRAs shall prevent the reporting and display of medical debt identified and furnished by Collection Furnishers when the date of the first delinquency is less than one hundred and eighty (180) days prior to the date that the account is reported to the CRAs.

Assurance of Voluntary Compliance, *In the Matter of the Investigation by Eric T. Schneiderman, Attorney General of the State of New York* (New York, 2015)

28. Regardless of what information H & R sent to the CRAs, the account could not have been reported on Plaintiff's personal credit report at the time the letter was sent.

29. H & R's threat was intended to make the consumer afraid of negative effects on their credit report and rating, despite the grace period.

30. H & R made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt upon receipt of the Letter.

31. Plaintiff was confused, concerned, and worried by H & R threatening to report the medical debt to the CRAs and having the negative reporting show up on her credit report.

32. It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

33. Conditional language (e.g. "a negative credit report … *may* be submitted to a credit reporting agency") does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) (Cited by *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012).

34. H & R threats to Plaintiff's good credit were false and designed to coerce payment.

35. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

36.     H & R threatened an action that could not legally be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it suggested that Plaintiff's medical debts could be reported on her credit report despite being within the 180-day month grace period.

37.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

38.     H & R used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threated that a medical debt it could have already appeared on her credit report despite being well within the grace period for such debts appearing on a credit report.

39.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

40.     Plaintiff, Tori Vela, brings this action individually and as a class on behalf of:

(1) all persons similarly situated in the State of Illinois;

(2) from whom Defendant attempted to collect a debt;

6

(3) by sending a letter stating that "after the 30 day period discussed above has passed, a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations or fail to qualify for financial assistance";

(4) regarding medical debts less than 180 days delinquent;

(5) sent between one year prior to the filing of this Class Action Complaint through the date of class certification.

41. Defendant regularly engages in debt collection, including attempting to collect defaulted consumer debts owed to others via the mails, in its regular course of business.

42. As exhibit A is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using the same or similar form letter and envelope.

43. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

44. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

45.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

46.    Moreover, Plaintiff has retained counsel that has experience in prior actions brought under the FDCPA.

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

47.    Defendant threatened an action that could not legally be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it stated that a medical debt could and may be reported on Plaintiff's credit report when this was legally impossible.

48.    Defendant used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it when it stated that a medical debt could and may be reported on Plaintiff's credit report when this was legally impossible.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant as follows:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael W. Drew

**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602

8

Ph: (312) 967-7220
mwd@neighborhood-legal.com
Cook County No. 64324

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
Cook County No. 60070

9

FILED
2/2/2022 1:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00908
Calendar, 16
16547509

# EXHIBIT A

* 5 0 1 4 2 2 5 2

5320 22ND AVENUE
Moline IL 61265

**H&R accounts**

A Collection Agency
Located At:

5320 22nd Avenue
Moline, IL 61266-0672

4625 6th Street SW Suite 2
Cedar Rapids IA 52404

01981

**Questions? Call Toll Free 800-308-8385**
**Para ayuda en espanol, llame gratis a 800-308-8385**
**Online: www.payhraccounts.com**

| STATEMENT OF ACCOUNT | |
|---|---|
| Statement Date: | 06/18/2021 |
| Creditor Name: | CARLE FOUNDATION HOSPITAL |
| Name: | VELA, TORI |
| Creditor Account #: | 000093980452 |
| H & R Account #: | 14221588 |
| Amount Due: | $192.31 |

01981

VELA, TORI

HRACC001-0854219-0000000-11465952-001-002045-#003234-7100
An itemization of charges is available upon request.
Please call 800-308-8385 to request your copy.

Dear TORI,

The accounts listed below have been listed with our office for collection.

| FACILITY | H&R ACCT # | PATIENT # | PATIENT NAME | BALANCE | SERVICE DT |
|---|---|---|---|---|---|
| CARLE FOUNDATION HOSPITAL | 14221588 | 0452 | Vela, Tori | $192.31 | 10/15/20 |

Financial assistance may be available. Please call 800-308-8385 to discuss your potential eligibility.

This notice has been sent by a collection agency. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Unless you notify this office in 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different form the current creditor. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

You are hereby notified that, after the 30 day period discussed above has passed, a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations or fail to qualify for financial assistance.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
PLEASE DETACH HERE AND RETURN THIS STUB WITH YOUR PAYMENT.

BD1FACMD
BD1FACMD

Questions? Call Toll Free 800-308-8385          Online: www.payhraccounts.com
Para ayuda en espanol, llame gratis a 800-308-8385

| STATEMENT OF ACCOUNT | |
|---|---|
| Statement Date: | 06/18/2021 |
| Creditor Name: | CARLE FOUNDATION HOSPITAL |
| Name: | VELA, TORI |
| Creditor Account #: | 000093980452 |
| H & R Account #: | 14221588 |
| Amount Due: | $192.31 |

**Credit Card Payment**
For your convenience, you can pay by credit card. Please indicate your card preference and provide your account information and signature.

Account No: _____
Expiration Date: _____  Amt Paid: _____
Signature: _____
Print Name: _____

☐ ☐ MC   ☐ VISA   ☐ DISCOVER   ☐ AMERICAN EXPRESS

☐ Check here if your address or insurance information has changed.
Please indicate changes on the back of this page.

**MAIL PAYMENT TO:**

Make checks payable to:
H&R ACCOUNTS, INC.

* Please include your Account Number on your check
* Enclose this payment stub with your payment
* Payment by phone available

HRACC001-0854219-0000000-11465952-001-002045-#003234-7100

**H&R ACCOUNTS, INC.**
5320 22ND AVENUE
PO BOX 672
MOLINE IL 61266-0672

CALIFORNIA RESIDENTS: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. Nonprofit credit counseling services may be available in the area.

COLORADO RESIDENTS: FOR MORE INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

MAINE RESIDENTS: Hours of operation are Mon through Thurs 8 a.m. to 6 p.m. CST and Fri 8 a.m. to 5 p.m. CST.

MASSACHUSETTS RESIDENTS: Hours of operation are Mon through Thurs 8 a.m. to 6 p.m. CST and Fri 8 a.m. to 5 p.m. CST.

NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

MINNESOTA RESIDENTS: This collection agency is licensed by the Minnesota Department of Commerce.

NEW YORK CITY RESIDENTS: New York City Department of Consumer Affairs License Number 1448912.

NORTH CAROLINA RESIDENTS: NC Dept. of Insurance Permit # Moline, IL 4442, Cedar Rapids, Iowa 4441.

TENNESSEE RESIDENTS: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

UTAH RESIDENTS: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

WASHINGTON RESIDENTS: As required by Washington law, you are hereby notified that for medical debts, you have a right to request the original (or redacted original) account number assigned to the debt, the date of the last payment, and an itemized statement.

DMA-HRA 71(



* 5 0 1 4 2 2 5 2

01981

**PLAIN LANGUAGE SUMMARY**
**OF FINANCIAL ASSISTANCE AVAILABILITY FROM CARLE FOUNDATION HOSPITAL**

### Availability fo Financial Assistance

CARLE FOUNDATION HOSPITAL may offer financial assistance, in the form of discounts on your bill, to many people who have health care needs but are not able to pay for care. This is a summary that explains how you may obtain financial assistance.

### Eligibility Requirements

To qualify for financial assistance, the hospital will require information from you about your financial situation. This includes but is not limited to the following:
- Household income
- Assets that you own
- The number of people living in your household

This information will be used by CARLE FOUNDATION HOSPITAL to determine how your financial situation compares to the Federal Poverty Level and to what extent this may qualify you for discounts on your bill.

### Where to Find Information

If you believe you are eligible for financial assistance, or if you would like to learn more about possible financial assistance, contact H&R Accounts at 800-308-8385.

An H&R Accounts representative will be able to provide you with additional information regarding CARLE FOUNDATION HOSPITAL's financial assistance policy and how to apply for assistance.

You can also go to CARLE FOUNDATION HOSPITAL's web-site at
**CARLE.ORG**
to read more about their Financial Assistance Policy, how to contact the hospital, and how to obtain a free Financial Assistance Application by mail.

### Availability of Translations

CARLE FOUNDATION HOSPITAL may also have translations available of their Financial Assistance Policy and plain language summary in other languages.

### How to Apply

You will need to fill out the Financial Assistance Application for CARLE FOUNDATION HOSPITAL. The completed form and any requested documents need to be sent to CARLE FOUNDATION HOSPITAL according to their instructions.

**Please note:** If you are eligible for Financial Assistance, you may not be charged more than an amount generally billed for emergency or medically necessary care.

earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>> Case: 1:22-cv-01332 Document #: 1-1 Filed: 03/14/22 Page 19 of 45 PageID #:22
udge: Calendar, 16

FILED
Fi2a7/2022559PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00908
Calendar, 16
16603668

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TORI VELA, on behalf of  
herself and all others similarly situated,  

        Plaintiff,  

        v.  

H & R ACCOUNTS, INC.,  

        Defendant.  

)
)
)
)
)
)
)
)
)
)

Case No. 2022-CH-00908

Hon. David B. Atkins

Calendar 16

## NOTICE OF MOTION

To:  
H & R Accounts, Inc.  
c/o CT Corporation System  
208 South LaSalle Street, Suite 814  
Chicago, Illinois 60604.

PLEASE TAKE NOTICE that on March 15, 2022 at 10:00AM or as soon thereafter as counsel

may be heard, counsel for Plaintiff will appear before the Honorable David B. Atkins or any

judge sitting in their stead in Room 2102 of the Daley Center, 50 W. Washington, Chicago, IL,

**via Zoom (Meeting ID: 925 5932 0340 and Password: 209408)**, and present **Plaintiff's**

**Motion to Certify a Class,** a copy of which is hereby served upon you.

Dated: February 7, 2022

Submitted By:  
/s/ Michael W. Drew

**Neighborhood Legal LLC**  
20 N. Clark Street #3300  
Chicago, IL 60602  
312-967-7220  
mwd@neighborhood-legal.com  
Firm No. 64324

Case: 1:22-cv-01332 Document #: 1-1 Filed: 03/14/22 Page 20 of 45 PageID #:23

```
* 5 0 1 4 2 2 5 2 *
```

FILED
2/7/2022 12:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00908
Calendar, 16
16599767

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| TORI VELA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2022-CH-00908 |
| v. | ) ) | Hon. David B. Atkins |
| H & R ACCOUNTS, INC., | ) ) | Calendar 16 |
| Defendant. | ) ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Tori Vela respectfully requests that the Court order that this action, alleging

violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), may

proceed on behalf of a class against Defendants H & R Accounts, Inc., ("H & R" or

"Defendant").

The class consists of (1) all persons similarly situated in the State of Illinois (2) from

whom Defendants attempted to collect a debt (3) by sending a letter stating "after the 30 day

period discussed above has passed, a negative credit report reflecting on your credit record may

be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations

or fail to qualify for financial assistance" (4) regarding medical debts less than 180 days

delinquent (5) sent one year prior to the filing of this case up to the filing of this case.

In support of this motion, Plaintiff states as follows:

## NATURE OF THE CASE

1.      Plaintiff is a natural person residing in Illinois.

2.      H & R is an Illinois corporation, engaged in the business of a collection agency,

using the mails and telephone to collect defaulted consumer debts originally owed to others.

3.      Plaintiff had an alleged medical debt that went into default.

4.      H & R subsequently began collecting on the debt.

5.      On or about June 18, 2021, H & R sent a collection letter (the "Letter") to

Plaintiff, a copy of which is attached hereto as Appendix A.

6.      The letter conveyed various information regarding the debt directly to Plaintiff,

including the amount owed, the identity of the original creditor, and an account number.

7.      The Letter states in relevant part that:

**You are hereby notified that, after the 30 day period discussed above has
passed, a negative credit report reflecting on your credit record may be
submitted to a credit reporting agency if you fail to fulfill the terms of your
credit obligations or fail to qualify for financial assistance.** (Appendix A)

8.      A medical debt may not be reported or displayed on a credit report until the bill is

180 days beyond the date of the first delinquency.

9.      The FDCPA prohibits debt collections from implying that certain outcomes might

befall a delinquent debtor when, legally, those outcomes cannot come to pass.

10.     This is considered a false or misleading representation in violation of § 1692e of

the FDCPA.

* 5 0 1 4 2 2 5 2 *

## THE FAIR DEBT COLLECTION PRACTICE ACT

11.    The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

12.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

13.    Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

14.    To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

15.    Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

3

16. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA.

17. Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

## REQUIREMENTS FOR CLASS CERTIFICATION

18. Illinois law allows for the maintenance of class actions when the following prerequisites are met:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

19. The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802.

20. Decisions regarding class certification are left to the "sound discretion" of the circuit court and will be overturned only where the court clearly abuses that discretion or applied "impermissible legal criteria." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill. 2005).

4

21.     Class actions are essential to enforce laws protecting consumers. As the court

stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist.

1991):

> In a large and impersonal society, class actions are often the last barricade of
> consumer protection . . . . [T]he consumer class action is an inviting procedural
> device to cope with frauds causing small damages to large groups. The slight loss
> to the individual, when aggregated in the coffers of the wrongdoer, results in gains
> which are both handsome and tempting. The alternatives to the class action—
> private suits or governmental actions—have been so often found wanting in
> controlling consumer frauds that not even the ardent critics of class actions
> seriously contend that they are truly effective. The consumer class action, when
> brought by those who have no other avenue of legal redress, provides restitution to
> the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766).

22.     Congress expressly recognized the propriety of a class action under the FDCPA

by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA

class action cases. As a result, numerous FDCPA class actions have been certified. *See, e.g.,*

*Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding,*

*LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999).

23.     As demonstrated below, each of the requirements for class certification is met.

## I.     Numerosity

24.     Section 2-801 (1) parallels the language of Federal Rule of Civil Procedure

23(a)(1 ); therefore, federal case law is instructive on the numerosity requirements under the

Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App.

3d 445, 450 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to

conclude that the number of members of the proposed class is greater than the minimum number

required for class certification, which is about 10-40. *See Kulins v. Malco*, 121 Ill. App. 3d 520,

530 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries,*

415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney*, 113

F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

25.    It is not necessary that the precise number of class members be known: "A class

action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic*

*Beverages Lit.*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169

(E.D.N.Y 19786). "The court may assume sufficient numerousness where reasonable to do so in

absence of a contrary showing by defendant, since discovery is not essential to most cases in

order to reach a class determination .... Where the exact size of the class is unknown, but it is

general knowledge or common sense that it is large, the court will take judicial notice of this fact

and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1995), §7.22.

26.    In the present case, Plaintiff alleges, based on the volume of Defendants'

collection activity and the use of form letters, that there are more than 40 class members, making

them so numerous that joinder is impracticable.

27.    While discovery will be needed to determine the precise class size, it is reasonable

to infer that numerosity is satisfied. *See Wood River Area Dev. Corp.*, 198 Ill. App. 3d at 450

(concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity

and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson*, 441 F.Supp. 254, 256

(D. Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle

repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer

was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v.*

*Califano*, 460 F. Supp. 737, 744 (D .Mass. 1978) (in action challenging certain welfare policies,

existence of policies and 148 families who were denied benefits to which policies applied

sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of).

## II. Common Questions and Predominance

28. A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

29. In the present case, the predominant common questions are (i) whether Defendants send collection letters that implied certain outcomes that could not legally come to pass, (ii) whether such practices violate the FDCPA, and (iii) Defendants' liability for such violations.

30. Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

31. The only individual issue is the identification of the class members, a matter easily ascertainable from Defendants' files.

32. Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

## III.  Adequacy of Representation

33.     The class action statute requires that the class representative provide fair and

adequate protection for the interests of the class. That protection involves two factors: (a) the

attorney for the class must be qualified, experienced, and generally able to conduct the proposed

litigation; and (b) the representative must not have interests antagonistic to those of the class.

*Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

34.     Plaintiff has retained experienced counsel, as indicated on Appendix B, Appendix

C, and Appendix D, which sets forth counsel's qualifications.

35.     There are no conflicts between Plaintiff and the class members.

## IV.  Appropriateness of Class Action

36.     Efficiency is the primary focus in determining whether the class action is an

appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57

F.R.D 545 (N.D.Ill. 1972). It is proper for a court, in deciding this issue, to consider the

"inability of the poor or uninformed to enforce their rights, and the improbability that large

numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan*

*Furniture Mart, Inc.*, 503 F.2d 1161,1165 (7th Cir.1974).

37.     In this case there is no better method available for the adjudication of the claims

which might be brought by each individual consumer. The vast majority of consumers are

undoubtedly unaware that their rights are being violated. In addition, the modest size of the

claims makes it unlikely that consumers would be able to pay to retain counsel to protect their

rights on an individual basis.

## CONCLUSION

The Court should certify this action as a class action.


Respectfully submitted,

By: /s/Michael Drew


**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com


*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I, Michael Drew, had this motion and exhibits and notice of motion served on Defendant

via sheriff's service along with the complaint to the following parties:

H & R Accounts, INC
c/o C T Corporation System, Corp
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604


/s/ Michael Drew

* 5 0 1 4 2 2 5 2 *
FILED
2/7/2022 12:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00908
Calendar, 16
16599767

# APPENDIX A

**H&R accounts**

5320 22ND AVENUE
Moline IL 61265

A Collection Agency
Located At:

5320 22nd Avenue
Moline, IL 61266-0672

4625 6th Street SW Suite 2
Cedar Rapids IA 52404

\* 5 0 1 4 2 2 5 2

01981

**Questions? Call Toll Free 800-308-8385**
**Para ayuda en espanol, llame gratis a 800-308-8385**
**Online: www.payhraccounts.com**

01981
VELA, TORI

| STATEMENT OF ACCOUNT | |
|---|---|
| Statement Date: | 06/18/2021 |
| Creditor Name: | CARLE FOUNDATION HOSPITAL |
| Name: | VELA, TORI |
| Creditor Account #: | |
| H & R Account #: | 14221588 |
| Amount Due: | $192.31 |

HRACC001-0854219-0000000-11465952-001-002045-#003234-7100

An itemization of charges is available upon request.
Please call 800-308-8385 to request your copy.

Dear TORI,

The accounts listed below have been listed with our office for collection.

| FACILITY | H&R ACCT # | PATIENT # | PATIENT NAME | BALANCE | SERVICE DT |
|---|---|---|---|---|---|
| CARLE FOUNDATION HOSPITAL | 14221588 | | Vela, Tori | $192.31 | 10/15/20 |

Financial assistance may be available. Please call 800-308-8385 to discuss your potential eligibility.

This notice has been sent by a collection agency. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Unless you notify this office in 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different form the current creditor. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

You are hereby notified that, after the 30 day period discussed above has passed, a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations or fail to qualify for financial assistance.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
PLEASE DETACH HERE AND RETURN THIS STUB WITH YOUR PAYMENT.

BD1FACMD
BD1FACMD

Questions? Call Toll Free 800-308-8385        Online: www.payhraccounts.com
Para ayuda en espanol, llame gratis a 800-308-8385

| STATEMENT OF ACCOUNT | |
|---|---|
| Statement Date: | 06/18/2021 |
| Creditor Name: | CARLE FOUNDATION HOSPITAL |
| Name: | VELA, TORI |
| Creditor Account #: | |
| H & R Account #: | 14221588 |
| Amount Due: | $192.31 |

Make checks payable to:
H&R ACCOUNTS, INC.

**Credit Card Payment**
For your convenience, you can pay by credit card. Please indicate your card preference and provide your account information and signature.

Account No: _____
Expiration Date: _____  Amt Paid: _____
Signature: _____
Print Name: _____

☐ Mastercard  ☐ VISA  ☐ Discover  ☐ American Express

☐ Check here if your address or insurance information has changed.
Please indicate changes on the back of this page.

**MAIL PAYMENT TO:**

**H&R ACCOUNTS, INC.**
5320 22ND AVENUE
PO BOX 672
MOLINE IL 61266-0672

\* Please Include your Account Number on your check
\* Enclose this payment stub with your payment
\* Payment by phone available

HRACC001-0854219-0000000-11465952-001-002045-#003234-7100

CALIFORNIA RESIDENTS: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. Nonprofit credit counseling services may be available in the area.

COLORADO RESIDENTS: FOR MORE INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

MAINE RESIDENTS: Hours of operation are Mon through Thurs 8 a.m. to 6 p.m. CST and Fri 8 a.m. to 5 p.m. CST.

MASSACHUSETTS RESIDENTS: Hours of operation are Mon through Thurs 8 a.m. to 6 p.m. CST and Fri 8 a.m. to 5 p.m. CST.

NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

MINNESOTA RESIDENTS: This collection agency is licensed by the Minnesota Department of Commerce.

NEW YORK CITY RESIDENTS: New York City Department of Consumer Affairs License Number 1448912.

NORTH CAROLINA RESIDENTS: NC Dept. of Insurance Permit # Moline, IL 4442, Cedar Rapids, Iowa 4441.

TENNESSEE RESIDENTS: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

UTAH RESIDENTS: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

WASHINGTON RESIDENTS: As required by Washington law, you are hereby notified that for medical debts, you have a right to request the original (or redacted original) account number assigned to the debt, the date of the last payment, and an itemized statement.

DMA-HRA 710



* 5 0 1 4 2 2 5 2

01981

## PLAIN LANGUAGE SUMMARY
## OF FINANCIAL ASSISTANCE AVAILABILITY FROM CARLE FOUNDATION HOSPITAL

### Availability fo Financial Assistance

CARLE FOUNDATION HOSPITAL may offer financial assistance, in the form of discounts on your bill, to many people who have health care needs but are not able to pay for care. This is a summary that explains how you may obtain financial assistance.

### Eligibility Requirements

To qualify for financial assistance, the hospital will require information from you about your financial situation. This includes but is not limited to the following:
- Household income
- Assets that you own
- The number of people living in your household

This information will be used by CARLE FOUNDATION HOSPITAL to determine how your financial situation compares to the Federal Poverty Level and to what extent this may qualify you for discounts on your bill.

### Where to Find Information

If you believe you are eligible for financial assistance, or if you would like to learn more about possible financial assistance, contact H&R Accounts at 800-308-8385.

An H&R Accounts representative will be able to provide you with additional information regarding CARLE FOUNDATION HOSPITAL's financial assistance policy and how to apply for assistance.

You can also go to CARLE FOUNDATION HOSPITAL's web-site at
**CARLE.ORG**
to read more about their Financial Assistance Policy, how to contact the hospital, and how to obtain a free Financial Assistance Application by mail.

### Availability of Translations

CARLE FOUNDATION HOSPITAL may also have translations available of their Financial Assistance Policy and plain language summary in other languages.

### How to Apply

You will need to fill out the Financial Assistance Application for CARLE FOUNDATION HOSPITAL. The completed form and any requested documents need to be sent to CARLE FOUNDATION HOSPITAL according to their instructions.

**Please note:** If you are eligible for Financial Assistance, you may not be charged more than an amount generally billed for emergency or medically necessary care.

# APPENDIX B

* 5 0 1 4 2 2 5 2 *

Firm No. 60359

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| TORI VELA, on behalf of<br>herself and all others similarly situated, | ) | |
| | ) | |
| | ) | Case No. 2022-CH-00908 |
| Plaintiff, | ) | |
| | ) | Hon. David B. Atkins |
| v. | ) | |
| | ) | Calendar 16 |
| H & R ACCOUNTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF CELETHA C. CHATMAN

I, Celetha C. Chatman, under penalty of perjury, states as follows:

1. I am one of the attorneys for the Plaintiff above named.

2. I am admitted to practice within the State Courts of Illinois as of November 5, 2015.

3. I am a member of the Bar of the United States District Court for the Northern District of Illinois.

4. I am member of the Bar of the Bankruptcy Court for the Northern District of Illinois.

5. I have significant experience in FDCPA litigation, which is the focus of my practice.

6. I am or have been counsel to more than 500 FDCPA cases in the Northern District.

7. That the following is a sample of my FDCPA class actions:

   *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N. D. IL)
   *Garret v. David B. Blaskovich P.C.;* 17-cv-0087 (N.D. IL).

Pursuant to 735 ILCS 5/1-109, I, Celetha C. Chatman, hereby declare under penalty of perjury that the foregoing is true and correct.

1

Dated:  February 7, 2022

/s/ Celetha C. Chatman

Community Lawyers, LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.265.3227
cchatman@communitylawyersgroup.com

# APPENDIX C

* 5 0 1 4 2 2 5 2 *

Firm No. 60359

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| TORI VELA, on behalf of<br>herself and all others similarly situated, | ) | |
| | ) | |
| | ) | Case No. 2022-CH-00908 |
| Plaintiff, | ) | |
| | ) | Hon. David B. Atkins |
| v. | ) | |
| | ) | Calendar 16 |
| H & R ACCOUNTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF MICHAEL JACOB WOOD

I, Michael Jacob Wood, under penalty of perjury, states as follows:

1.      I am one of the attorneys for the Plaintiff above named.

2.      I am admitted to practice within the State Courts of Illinois as of May 1, 2014.

3.      I have substantial experience in FDCPA litigation and collection defense litigation, which are the focus of my practice.

4.      I am a member of the National Association of Consumer Advocates as of November 2011.

5.      I am or have been counsel to over 800 FDCPA cases in the Northern District.

6.      I am or have been counsel to more than 500 debt defense cases in the Circuit Court of Cook County.

7.      I have published and lectured on the Fair Debt Collection Practices Act. (e.g., Michael J. Wood, Abstention Doctrine and the Fair Debt Collection Practices Act, 89 Chi.-Kent. L. Rev. 1191 (2014)).

8.      Class actions: I have certified several classes for settlement purposes in the

following cases: *Wingate v. Resurgence Capital, LLC*, 14-cv-7753 (N.D. Ill.); *Szczesniak v.*

*National Account Services*, 14-cv-10346 (N.D. Ill.); *Garret v. David B. Blaskovich P.C.*; 17-cv-

0087 (N.D. IL); *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N.D. Ill.)

Pursuant to 735 ILCS 5/1-109, I, Michael Jacob Wood, hereby declare under penalty of

perjury that the foregoing is true and correct.


Dated:  February 7, 2022

/s/ Michael Jacob Wood

Community Lawyers LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.476.1383
mwood@communitylawyersgroup.com

# APPENDIX D

* 5 0 1 4 2 2 5 2 *

Firm No. 60359

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TORI VELA, on behalf of
herself and all others similarly situated,

      Plaintiff,

      v.

H & R ACCOUNTS, INC.,

      Defendant.

Case No. 2022-CH-00908

Hon. David B. Atkins

Calendar 16

## DECLARATION OF MICHAEL W. DREW

I, Michael W. Drew, under penalty of perjury, states as follows:

1.    That I am the attorney for the Plaintiff above named.

2.    I have read the Complaint filed in this action and know the contents thereof, and that the same is true of my knowledge.

3.    That I am admitted to practice within the State Courts of Illinois as of November 7, 2019.

4.    That I am a member of the Bar of the United States District Court for the Northern District of Illinois as of November 8, 2019.

5.    That for 2.5 years during law school, I clerked at Community Lawyers, LLC – which focuses almost exclusively on FDCPA cases—and drafted more than 100 motions, responses, and replies and three federal appeal briefs.

6.    That I have significant experience in FDCPA litigation and federal motion practice as a law clerk and attorney.

7.     That I am currently or have been lead counsel in more than 30 consumer law cases in the Northern District of Illinois

8.     That I am currently or have been lead counsel in more than 10 consumer law cases in the Circuit Court of Cook County.

9.     That I am currently representing two plaintiffs in class actions in the Multi-District Litigation *In Re: Clearview AI, Inc., Consumer Privacy Litigation,* 21-cv-00135 (N.D. Ill.)

10.    That I was counsel for the plaintiff in *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N.D. Ill.), a class action which was certified for settlement.


Pursuant to 735 ILCS 5/1-109, I, Michael W. Drew, hereby declare under penalty of perjury that the foregoing is true and correct.

Executed On:  February 7, 2022

/s/ Michael W. Drew

**Neighborhood Legal, LLC**
20 N. Clark St. #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

2

Case 1:22-cv-01238 Document #: 1-1 Filed: 06/16/22 Page 42 of 45 Page ID #:45

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| DO NOT complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

_____

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | *Signature by:* ☐ Sheriff<br>☐ Sheriff outside Illinois:<br><br>_____<br>*County and State*<br>☐ Special process server<br>☐ Licensed private detective |

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Case: 1:22-cv-01332 Document #: 1-1 Filed: 03/14/22 Page 43 of 45 PageID #:46

| | | For Court Use Only |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT** _____ **COUNTY** | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | * 5 0 1 4 2 2 5 2 * |

| | |
|---|---|
| **Instructions** | Tori Vela _____ |
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. H & R Accounts, Inc. _____ |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

| |
|---|
| 2022-CH-00908 _____ |
| **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
                    *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
                        *First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
                                    *First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

\* 5 0 1 4 2 2 5 2 \*

| In 2, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
| | | Amount claimed:  $ _____ |

| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:** |
| | | Name *(First, Middle, Last):*  Michael Drew, Neighborhood Legal, LLC |
| | | Street Address, Unit #:  20 N. Clark St. #3300 |
| | | City, State, ZIP:  Chicago, IL 60602 |
| | | Telephone:  773-505-2410        Email:  mwd@neighborhood-legal.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons.* To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box **4b.** | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |
| | ☐ a. | To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at: |
| | | Address:  50 W. Washington St. Rm., 802 |
| | | City, State, ZIP:  Chicago, IL 60602 |

| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b. | Attend court: |
| | | On: _____ at _____ ☐ a.m. ☐ p.m. in _____ |
| | | *Date* *Time* *Courtroom* |
| | | **In-person at:** |

| In 4b, fill out: | | _____ |
| •The court date and time the clerk gave you. | | *Courthouse Address* *City* *State* *ZIP* |
| •The courtroom and address of the court building. | | OR |
| •The call-in or video information for remote appearances (if applicable). | | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): |
| •The clerk's phone number and website. All of this information is available from the Circuit Clerk. | | By telephone: _____ |
| | | *Call-in number for telephone remote appearance* |
| | | By video conference: _____ |
| | | *Video conference website* |
| | | _____ |
| | | *Video conference log-in information (meeting ID, password, etc.)* |
| | | Call the Circuit Clerk at: _____ or visit their website |
| | | *Circuit Clerk's phone number* |
| | | at: _____ to find out more about how to do this. |
| | | *Website* |

| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** _____ |
| | **Clerk of the Court:** 2/7/2022 1:21 PM IRIS Y. MARTINEZ |
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.** |
| | Date of Service: _____ |
| | *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |



| STATE OF ILLINOIS, CIRCUIT COURT | | SUMMONS | |
|---|---|---|---|

Cook ⊘ COUNTY

* 5 0 1 4 2 2 5 2 *

FILED
2/7/2022 1:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00908
Calendar, 16
16601438

**Instructions⌄ ?**

Enter above the county name where the case was filed.

Tori Vela
**Plaintiff / Petitioner** *(First, middle, last name)*

Enter your name as Plaintiff/Petitioner.

v.

Enter the names of all people you are suing as Defendants/ Respondents.

H & R Accounts
**Defendant / Respondent** *(First, middle, last name)*

2022-CH-00908
**Case Number**

Enter the Case Number given by the Circuit Clerk.

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 16

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1.** **Defendant/Respondent's address and service information:**

  a.   Defendant/Respondent's primary address/information for service:

    Name *(First, Middle, Last)*: H & R Accounts, Inc.

    Registered Agent's name, if any: CT Corporation Systems

    Street Address, Unit #: 208 S. LaSalle St. #814

    City, State, ZIP: Chicago, IL 60604

    Telephone: _____ Email: _____

In 1b, enter a second address for Defendant/ Respondent, if you have one.

  b.   If you have more than one address where Defendant/Respondent might be found, list that here:

    Name *(First, Middle, Last)*: _____

    Street Address, Unit #: _____

    City, State, ZIP: _____

    Telephone: _____ Email: _____

In 1c, check how you are sending your documents to Defendant/ Respondent.

  c.   Method of service on Defendant/Respondent:

    ☐ Sheriff     ☐ Sheriff outside Illinois: _____
                                           *County & State*

    ☐ Special process server     ☐ Licensed private detective